**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ISA DUZAEV,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-761-KC** |
| | § | |
| **WARDEN ERO EL PASO CAMP** | § | |
| **EAST MONTANA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## SHOW CAUSE ORDER

On this day, the Court considered Isa Duzaev's Petition for a Writ of Habeas Corpus, ECF No. 1.

Duzaev appears to have entered the country in 2022 and was subsequently released. *Id.* ¶ 13; *see id.* Ex. D ("NTA & Custody Determination"), ECF No. 1-5. He was then issued a Notice to Appear on August 1, 2024, and taken into custody. *See* NTA & Custody Determination 1, 5.; *see also* Pet. Ex. F ("Warrant"), ECF No. 1-7. He appears to have been in custody since that date and is currently detained at Camp East Montana in El Paso, Texas. *See* Pet. ¶ 2.

On August 5, 2025, an Immigration Judge ("IJ") denied Duzaev's applications for asylum, withholding of removal, protection under the Convention Against Torture, and ordered that he be removed to Russia. *See id.* Ex. G ("IJ Order") 13, ECF No. 1-8. And Duzaev appealed the IJ Order to the Board of Immigration Appeals. *See* Pet. Ex. A ("Notice BIA Appeal"), ECF No. 1-2. However, Duzaev states that he "withdrew [the] appeal before the BIA issued any decision." Pet. ¶ 11. And that this occurred on November 6, 2025. *Id.* Accordingly, it appears that Duzaev is subject to a removal order. *Id.* On March 17, 2026, Duzaev filed this

Petition, arguing that his detention is unlawful, and seeking his release or a bond hearing. *Id.* ¶¶ 6, 13, 15.

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. *Id.*

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition."). District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243. *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Duzaev the relief he seeks.  Respondents are ordered to show cause by April 1, 2026.

Duzaev also requests that Respondents be prevented from transferring him outside the District while his case is pending.  Pet. ¶ 15.  However, Duzaev's transfer to another facility may allow Respondents to more feasibly effectuate his removal from the country.  Transportation to a different facility would not divest this Court of jurisdiction over the habeas Petition.  *See Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *3 (W.D. Tex. Nov. 7, 2025).  Therefore, the Court declines to exercise its discretion to prevent transfer at this time.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than April 1, 2026**, why the application for a writ of habeas corpus should not be granted.  *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 18th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE